IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLIED RUSH                                                                      PETITIONER

VERSUS                                          CIVIL ACTION NO.    3:18-cv-789-HTW-LRA

SHERIFF BILLY SOLLIE                                                    RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Allied Rush is presently incarcerated at the Lauderdale County Detention Center, Meridian, Mississippi. Pet. [1] at 1. He filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241. Pet. [1] at 1. As directed by the Court's Order [4] entered December 3, 2018, Petitioner filed a Response [5] on December 14, 2018. The Court, having considered Petitioner's pro se habeas Petition [1], Response [5], and the relevant authorities, finds that it should be dismissed for the reasons that follow.

I.    Factual Background

Petitioner states that he was falsely charged on or about April 22, 2018, with the criminal charges of aggravated assault, shooting into a dwelling, and shooting into a vehicle by the Circuit Court of Lauderdale County, Mississippi. Pet. [1] at 7; Pet'r's Resp. [5] at 1. Petitioner's ground for habeas relief is that his pretrial bond should be reduced. Pet. [1] at 7-8. Petitioner argues that his co-defendants have had their bonds reduced and Petitioner is entitled to having his bond reduced after 90-days. *Id*. at 8. Petitioner states that he has been incarcerated for sevens months without being indicted. *Id*.; Pet'r's Resp. [5] at 1. Petitioner states that he has filed a motion for bond reduction. Pet'r's Resp. [5] at 1. Petitioner further states that he has been appointed an attorney by the Circuit Court of Lauderdale County. *Id*. As relief,

Petitioner requests the following: (1) that the Court "re-investigate this crime;" (2) that the Court "exonerate [him] from all charges;" and (3) that he be given a "fair chance to a lower bond." Pet. [1] at 9.

II. Analysis

While a pre-trial detainee like Petitioner has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

A. Exhaustion required concerning pre-trial bond

Petitioner's claims that his pre-trial bond was not reduced even though he argues he is entitled to a bond reduction after 90-days. Pet. [1] at 8. Petitioner states that he has been incarcerated for seven months. *Id.*; Pet'r's Resp. [5] at 1. Petitioner is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson v. State of La.*, 816 F.2d 220, 228 (5th Cir.1987). The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). In order to satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-840 (1999).

The State of Mississippi provides available remedies for a criminal defendant to assert the denial of reduction of pre-trial bond. *See Strickland v. Darby*, 135 So. 3d 234, 235 (Miss. Ct. App. 2014). As reflected by his Response [5], Petitioner has pending a motion for bond reduction in the Circuit Court of Lauderdale County. *See* Pet'r's Resp. [5] at 1. In the event Petitioner disagrees with the decision of the Circuit Court of Lauderdale County, he may appeal the state trial court's decision to the Mississippi Supreme Court. *See Strickland*, 135 S. 3d at 235.

Clearly, Petitioner has failed to demonstrate that he has exhausted his state-court remedies for the claims presented in this Petition. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition). Petitioner does not claim, nor does the Court find, the presence of exceptional circumstances to excuse the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993) (holding exhaustion requirement may only be excused in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"). Moreover, the Court notes that Petitioner states he is being represented by a court appointed attorney concerning his pending criminal charges. *See* Pet'r's Resp. [5] at 1. Therefore, Petitioner's claims relating to his pretrial bond are dismissed without prejudice as unexhausted.

To be clear, the Court is not passing on the validity of Petitioner's claims related to the issue of his bond, but before he can bring the matters to this Court, he must first pursue them in state court.

B.  Requests to have pending state criminal charges dismissed

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-90; *Smith v. Hooey*, 393 U.S. 374 (1969)).  The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id*.  If the petitioner is seeking to dismiss an indictment or otherwise prevent prosecution of the cases, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.*  But if the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.*  The former objective is generally not attainable through federal habeas corpus; the latter is. *Id*.

Here, Petitioner seeks the dismissal of his state criminal charges, *see* Pet. [1] at 9, and is therefore, attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes" which is not available through federal habeas corpus.  *See Dickerson*, 816 F.2d at 226 (quoting *Brown*, 530 F.2d at 1283).  Thus, Petitioner cannot maintain these claims in a request for federal habeas relief.

III.  Conclusion

Petitioner's habeas claims for the dismissal of his pending state criminal charges are not available via federal habeas corpus and will be dismissed with prejudice.  On the other hand, Petitioner's habeas claims that seek to force the state trial court to reduce his bond will be

dismissed without prejudice because he has not exhausted his state-court remedies prior to filing this Petition.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the   31st   day of January, 2019.

                                                s/ HENRY T. WINGATE
                                              UNITED STATES DISTRICT JUDGE

Memorandum Opinion and Order
Civil action no. 3:18-cv-789-HTW-LRA

5